# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DONALD FENTRESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:19-cv-00201 |
| TENNESSEE DEPARTMENT OF CORRECTION, | ) ) CHIEF JUDGE CRENSHAW ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Donald Fentress, an inmate of the DeBerry Special Needs Facility in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Tennessee Department of Correction. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that Plaintiff's food was poisoned by a correctional officer at Turney Center, which resulted in the loss of Plaintiff's right kidney. The complaint also alleges that a nurse at Turney Center injected Plaintiff, which resulted in the loss of his rib cage. (Doc. No. 1 at 5-6).

## IV. Analysis

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 77 n.1 (1984); <u>Rawe v. Liberty Mut. Fire Ins. Co.</u>, 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." <u>Id</u>. In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." <u>Id</u>.

"Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." <u>Gen. Elect. Med. Sys. Europe v. Prometheus Health</u>, 394 Fed. App'x 280, 283 (6th Cir. 2010) (citation omitted).

Plaintiff is barred under the doctrine of issue preclusion from relitigating the court's prior adjudication of these same § 1983 claims.

First, although Plaintiff does not include in his instant complaint the dates on which the alleged events occurred, the Court determines from a review of both complaints that Plaintiff's previous lawsuit and current lawsuit concern the same two incidents and defendants at the same facility. The precise issues now raised, <u>i.e.</u>, § 1983 claims against the Tennessee Department of Correction arising out of a Turney Center corrections officer poisoning Plaintiff's food and a Turney Center nurse injecting the Plaintiff, were raised and litigated in a prior action. The Court already has reviewed these claims under the Prison Litigation Reform Act and determined that

Plaintiff's allegations fail to state claims under § 1983 upon which relief can be granted. See Donald Fentress v. Tenn. Dep't of Corr., No. 3:18-cv-0453 (M.D. Tenn. July 24, 2018) (Trauger, J.) (Doc. Nos. 5 and 6). In Plaintiff's prior action, the Court determined that his claims failed for three reasons: the Tennessee Department of Correction is not a proper defendant under § 1983; Plaintiff's alleged injuries occurred in March 1987, well outside the governing statute of limitations for § 1983 claims in Tennessee; and Plaintiff cannot seek release from prison in a § 1983 action. Id. (Doc. No. 5 at 3-4).

That determination is conclusive in this subsequent suit based on the same causes of action under § 1983. First, the precise issues were raised and actually litigated in Plaintiff's prior lawsuit. The same claims cannot be relitigated by Plaintiff in this or any other action in federal court, even if Plaintiff seeks monetary damages in the instant lawsuit instead of release from prison. See Prometheus Health, 394 Fed. App'x 280, 283; see also Hamilton v. State Farm Fire & Cas. Co., 127 F.3d 1102, 1103 (6th Cir. 1997) ("The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action.").

Second, in Plaintiff's prior action, the Court determined that Plaintiff's claims failed because the Tennessee Department of Correction is not a proper defendant under § 1983, Plaintiff's alleged injuries occurred in March 1987, well outside the governing statute of limitations for § 1983 claims in Tennessee, and Plaintiff cannot seek release from prison in a § 1983 action. Fentress, Case No. 3:18-cv-00453 (Doc. No. 5 at 3-4). The Court's determination that the complaint's allegations failed to state a claim upon which relief can be granted under § 1983 was clearly necessary to the outcome of the prior proceeding. See Prometheus Health, 394 Fed. App'x

280, 283. Indeed, it was the sole reason for the Court's dismissal. The second requirement for issue preclusion is met.

Third, the Court's decision to dismiss Plaintiff's claims pursuant to the Prison Litigation Reform Act in the previous case was a final judgment on the merits. See Fentress, Case No. 3:18-cv-00453 (Doc. No. 6 at 3) ("Entry of this order shall constitute final judgment in this case."). That judgment is binding on Plaintiff. See Prometheus Health, 394 Fed. App'x 280, 283; see also Goodwin v. Hall, No. 3:16-1347, 2016 WL 3430430, at *2 (M.D. Tenn. June 22, 2016) (finding that court's prior decision after screening prisoner-plaintiff's claim under the Prison Litigation Reform Act constituted a final decision on the merits); Haddad v. Mich. Nat'l Corp., 34 Fed. App'x 217 218 (6th Cir. 2002) (dismissal with prejudice is considered a final judgment on the merits).

Fourth, even though Plaintiff has proceeded pro se in both actions, there is no evidence that he has been deprived of an opportunity to fully and fairly litigate his cases. See Prometheus Health, 394 Fed. App'x 280, 283; see also United States v. Guy, No. 1:05 CV 2605, 2006 WL 1874709, at *6 n.5 (N.D. Ohio July 3, 2006) (Defendant's "partial pro se status did not prevent [her] from having a 'full and fair' opportunity to litigate" an issue).

Consequently, the Court concludes that the elements of issue preclusion are met. A second review by this Court of Plaintiff's allegations concerning the 1987 actions of the Turney Center officer and nurse is barred by the doctrine of issue preclusion. Plaintiff cannot file the same action in the hope of achieving a different result.

The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. Fed. R. Civ. P .8(c). However, the Supreme Court as well as the Sixth Circuit have indicated that a Court may take the initiative to assert the res judicata defense sua sponte in "special circumstances." Arizona v. California, 530 U.S. 392, 412 (2000); Gooch v. Life Investors

Ins. Co. of Am., 672 F.3d 402, 418 (6th Cir. 2011) (citing Arizona for the proposition that the Court may address sua sponte the issue of res judicata). The "special circumstance" recognized in Arizona is when "a court is on notice that it has previously decided the issue presented." Id. at 412 (citations and internal quotation marks omitted). As this case is a refiling of a case that was before this Court within the past year, the Court finds that the claims and issues presented in this case have been thoroughly litigated and decided on the merits.

V.  **Conclusion**

For the reasons explained herein, the Court finds that a review of the instant claims already has been undertaken by the Court in a prior § 1983 case filed by Plaintiff in this Court. Therefore, the Court's review of the instant claims is barred by the doctrine of issue preclusion. Accordingly, this action will be dismissed. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE